```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


MATTE SERVICES CORPORATION            *     CIVIL ACTION

versus                                *     NO. 06-3020

ONYX CONSULTING ENGINEERS, LLC        *     SECTION "F"
and FOREST OIL CORPORATION
```

ORDER AND REASONS

Before the Court is plaintiff Matte Services Corporation's motion for reconsideration pursuant to Rule 59(e). For the reasons that follow, the motion is DENIED.

Background

Pursuant to a Construction Services Agreement ("Turnkey Contract") between Forest Oil and ONYX, ONYX agreed to design, fabricate, and install an oil and gas platform on a turnkey, lump sum basis for Main Pass Block 166 ("Block 166"), located in the Gulf of Mexico on the Outer Continental Shelf. ONYX subcontracted certain services to be performed under the Turnkey Contract to Matte and others.

Pursuant to the Master Service Agreement between ONYX and Matte, Matte agreed to construct and refurbish a tripod deck assembly to be installed on Block 166. Matte carried out its construction and refurbishment tasks at its land-based facility in Vermilion Parish, Louisiana. The MSA was later modified to add that Matte would load, secure, and position the deck upon a barge

1

to be delivered to Block 166 for $203,860.  When the construction of the deck was completed, Matte loaded, positioned, and secured the deck to a barge located off the Louisiana coast so that it could be transported to and installed at Main Pass Block 166.

On May 11, 2006, Matte filed a Statement of Privilege Under the Louisiana Oil Well Lien Act, recorded in the public records of Plaquemines Parish, asserting a claim for the amount owed under the MSA ($403,894.06) plus attorneys' fees and encumbering property, including the production from the well on Block 166.  In the Statement of Privilege, Matte alleges that it completed its obligations under the MSA and Turnkey Contract and that it has not been paid.

Eleven days later, Matte sued ONYX and Forest Oil in Louisiana state court, claiming that ONYX breached its subcontract by failing to pay the $403,894.06.  Matte also sought recognition of its lien and privilege pursuant to the Louisiana Oil Well Lien Act, La.R.S. 9:4861.  On June 12, 2006, Forest Oil removed the lawsuit to this Court.[1]

Forest Oil and Mariner Energy Resources[2] moved for summary

---

[1] Forest Oil filed its Answer and a cross-claim against ONYX for breach of contract and for indemnity; ONYX filed its Answer and a counter-claim against Matte and a cross-claim against Forest Oil.

[2] Forest Oil is the owner named in the lien and privilege; Mariner Energy Resources is now the owner of the affected property.

judgment, which the Court granted on April 10, 2007. Matte now asks the Court to reconsider its ruling.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*).

Because the present motion for reconsideration was filed within ten days of entry of the Court's Order granting summary judgment and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not

3

have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d at 479).

II.

Matte persists with the same arguments that the Court found unpersuasive when it granted Forest Oil's summary judgment motion on April 10, 2007.  Again, Matte argues that an issue of fact exists as to whether it should be considered a "transporter" of moveables under La.R.S. 9:4862(A)(4) because it loaded, positioned, and secured the deck on a barge.  Matte urges that its activities constituted "a movement...towards the well site" and that "[t]his load out clearly advanced the transport of the deck and tripod towards the well site."  This is the same argument urged by Matte in opposition to summary judgment.[3]

---

[3]  Matte had opposed summary judgment, invoking the Louisiana Oil Well Lien Act, on several grounds: (1) its work is deemed to have been performed at the site because, under the Turnkey Contract, the work is not deemed complete until commissioning occurs at the site; (2) it provided extensive barging

4

And Matte now fails to convince the Court that the extraordinary remedy of granting reconsideration is warranted. Matte has not shown that there was a mistake of law or fact in the Court's prior ruling. Nor does Matte present new evidence that undermines the Court's April 10, 2007 Order and Reasons.[4]

---

and transportation services to defendants pursuant to La.R.S. 9:4862(A)(4); and (3) it supplied movables to defendants, creating a privilege under La.R.S. 9:4862(6). Matte focuses its motion for reconsideration on its argument a genuine issue of fact exists as to whether it provided transportation services.

[4] In the April 10 Order and Reasons, the Court analyzed this issue as follows:

> [A] plain reading of the statute instructs that Matte cannot invoke the privilege as a "person who performs trucking, towing, barging or other transportation services for an operator or contractor for the price of transporting movables to the well site." La. R.S. 9:4862(A)(4). Matte seeks comfort in this provision, but it is undisputed that different ONYX subcontractor transported the deck, not Matte. After completing refurbishment of the deck, Matte merely loaded, positioned, and secured it to the barge. The deck was then transported by another subcontractor to Block 166 for installation. Matte does not dispute that another company transported the deck; drawing attention to no authority, it merely asserts that its loading activities create an issue of fact regarding whether it can assert its lien pursuant to (A)(4). This argument finds no support in the certain meaning of "transportation services." There is no contested issue of fact precluding summary judgment: Matte loaded the deck but did not transport it.

Matte has pointed to no error of law or fact that would change this analysis.

Accordingly, Matte's motion for reconsideration is DENIED.

New Orleans, Louisiana, May 3, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE